# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3136-PLC |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Charles M. Lockhart's motion for leave to commence this civil action without payment of the required filing fee. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee. Additionally, as fully explained below, the Court will dismiss without prejudice the complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, who is currently jailed at the St. Louis City Justice Center, files this 42 U.S.C. § 1983 action against the State of Missouri. In his statement of the claim, plaintiff states in full:

> The State of Missouri has continued to violate and break my Constitutional Rights along with several amendments that are set in place to protect my Civil Rights. My fifth, sixth, eighth, and fourteenth Amendments have been broken and violated with extreme prejudice.

For relief, plaintiff seeks immediate release from jail and $1,000 for each day he has been incarcerated.

## Discussion

Plaintiff has alleged no facts in his statement of his claim. He asserts only the legal conclusion that the State of Missouri is violating his constitutional rights. Even liberally construed, the Court has no information regarding the "who, what, why, where, when and how" of these

alleged violations.  Plaintiff's vague and conclusory allegations wholly lack factual support and are not entitled to the presumption of truth.  *See Iqbal,* 556 U.S. at 678.  Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged.  *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Additionally, plaintiff has named only the State of Missouri as a defendant in this § 1983 action.  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  As a result, even if plaintiff had alleged the factual foundation of his complaint, the complaint would fail to state a claim upon which relief can be granted against the State of Missouri.

For these reasons, under 28 U.S.C. § 1915(e)(2), the Court will dismiss without prejudice plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE